UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GILMAR JOSUE HERNANDEZ-REYES,<br><br>Petitioner,<br><br>v.<br><br>ANTONE MONIZ, Superintendent, Plymouth County Correctional Facility; PATRICIA HYDE, Field Office Director; MICHAEL KROL, HSI New England Special Agent in Charge; TODD LYONS, Acting Director U.S. Immigration and Customs Enforcement; KRISTI NOEM, U.S. Secretary of Homeland Security; and PAMELA BONDI, U.S. Attorney General,<br><br>Respondents. | Civil Action No. 1:25-cv-13869-IT |

MEMORANDUM & ORDER

December 22, 2025

TALWANI, D.J.

Petitioner Gilmar Josue Hernandez-Reyes is a Guatemalan national who reportedly entered the United States, as a minor, on or about June 29, 2019. Pet. ¶¶ 1, 29 [Doc. No. 1]. Petitioner alleges, and Respondents do not contest, that on December 15, 2025, federal immigration officials arrested Petitioner and placed him in the custody of U.S. Immigration and Customs Enforcement ("ICE"). Id. ¶ 1. Petitioner is currently detained at the Plymouth County Correctional Facility in Plymouth, MA. Id.

On December 16, 2025, Petitioner filed a Petition for Writ of Habeas Corpus [Doc. No. 1]. Petitioner contends that, because he has resided within the United States since 2019, he is subject to detention, if at all, pursuant to 8 U.S.C. § 1226(a), which requires a bond hearing. Id. ¶ 9.

1

Respondents concede that "the legal issues presented in this Petition are similar to those recently addressed by this Court in Doe v. Moniz." Resp. 1 [Doc. No. 5] (citing Doe v. Moniz, __ F. Supp. 3d __, 2025 WL 2576819 (D. Mass. Sept. 5, 2025)). Though Respondents note their disagreement with the decision, Respondents acknowledge that, "[s]hould the Court follow its reasoning in Doe, it would reach the same result here." Id.

Nothing in the record indicates that Petitioner, who has resided in the United States since 2019, was detained under 8 U.S.C. § 1225 rather than 8 U.S.C. § 1226. The court finds the reasoning in Doe remains correct and that Petitioner's detention is governed by 8 U.S.C. § 1226. The Board of Immigration Appeals' decision in Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025), is unpersuasive and does not change the analysis. See Elias Escobar v. Hyde, 2025 WL 2823324, at *3 (D. Mass. Oct. 3, 2025) (citing cases reaching the same conclusion).

Accordingly, the Petition for Writ of Habeas Corpus [Doc. No. 1] is GRANTED as follows. No later than December 30, 2025, Hernandez-Reyes must be provided a bond hearing pursuant to 8 U.S.C. § 1226 or, if the immigration judge declines to conduct a bond hearing based on Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025), Respondents shall so advise the court by that date so that this court may conduct the bond hearing. Any decision by the immigration judge to retain Hernandez-Reyes in custody following a bond hearing pursuant to 8 U.S.C. § 1226 shall set forth the reasons for the continued detention.

IT IS SO ORDERED.

December 22, 2025                    /s/ Indira Talwani
                                     United States District Judge

2